IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: : CASE NO. 10-01470
:
RENE ORTIZ RIVERA : CHAPTER 13
:
  Debtor :
:
_____ :

OPINION AND ORDER

  This case is before the court upon debtor's motion for sanctions, attorney's fees, ans costs pursuant to Rule 9011 of the Fed. R. Bankr. P and 11 U.S.C.A. 105(a) against Integration Technologies Corp. (hereinafter "Intech"), and Intech's opposition thereto. Debtor alleges that Intech had no chance of success in motions filed before the court, advanced no reasonable argument for its position, the arguments were meritless, the arguments were aimed at misleading the court, and the arguments were presented for an improper purpose. Debtor prays for sanctions in the amount of $5,000, and attorney's fees and costs in the amount of $10,425 as per attached itemized detail. Intech opposes alleging that its arguments were presented in good faith, not for the purpose of delaying litigation, and based on the doctrine of judicial estoppel as the debtor had failed to include all prepetition causes of action, particularly the one against Intech. For the reasons stated below, Debtor's motion is hereby denied.

Factual Background

  1. Debtor filed a voluntary Chapter 13 petition on February 26, 2010. On the same date the debtor filed a Chapter 13 plan, which was confirmed on April 29, 2010 (Docket Nos. 2 & 10).

  2. On November 23, 2010 the debtor filed amended schedules B and C, to include and request an exemption over the state court of action which was valued at $1.00 (Docket No.22). Copy of the complaint attached to Intech's motion opposing the voluntary dismissal show that the action which was filed requested $1,000,000 (Docket No. 29, Exhibit D).

  2. On February 9, 2011 the debtor filed an application to employ special counsel to prosecute an action against Intech (Docket No. 23). Intech opposed the application (Docket No. 24). The

contested matter was scheduled for a hearing on May 25, 2011 (Docket No. 25).  The special counsel would represent the debtor in an action filed in state court against Intech for intentional interception of telephonic communications, harassment, sexual orientation discrimination, retaliation, and damages.  The state court action was filed on September 13, 2010.  However, the debtor had made an extrajudicial claim against Intech on November 9, 2009 for acts which occurred in October 2009, that is, prepetition.

3.  On March 9, 2011 the debtor filed a motion for voluntary dismissal (Docket No. 28). Debtor alleges in his motion that considering his actual condition he has opted to pay his creditors outside the bankruptcy court. Intech opposed the motion for voluntary dismissal (Docket No. 29). The contested matter was also scheduled for a hearing on May 25, 2011, and subsequently continued to June 21, 2011 (Docket Nos. 30 & 35).

3.  At the June 21, 2011 hearing the court entered an order in open court granting the motion to dismiss finding that there were no exigent circumstances for the court to deny the request (Docket No. 40).  The court also found that Intech had no standing to oppose the request as it was not a creditor and did hold any pecuniary interest in debtor's estate.  The court granted debtor 14 days to move the court, in writing, for sanctions and attorney's fees.  See transcript of hearing, Docket No. 51.

Argument

The basic purpose of Rule 9011 sanctions is to deter abusive litigation tactics and to streamline the litigation process by lessening the frequency of frivolous claims.  In re Kristan, 395 B.R. 500 (1st. Cir BAP 2008).  Sanctions are meant to serve the dual purposes of deterrence and compensation.  In re Withrow, 405 B.R. 505, 514 (1st. Cir BAP 2009).  Amongst the factors to weigh are: if the party's conduct was willful or negligent, whether it was a pattern of activity or an isolated event, whether it infected the entire pleading, whether there is a basis in law.  In re Kristan, supra.

Intech's motion were both predicated on the fact that the debtor had failed to disclose a prepetition cause of action, and that the debtor should not benefit from such an omission.  The argument was based on the Supreme Court's decision in Marrama vs. Citizens Bank of Massachusetts, 549 U.S. 365 (2007), and In re Acosta-Rivera, 557 F3d 8 (1st Cir 2009), which held

2

that the bankruptcy court has discretion not to dismiss a case. Although not directly on point, these two decisions do give Intech a plausible ground to object, irrespective of its standing, as was later found by the court.

If the Debtor would have disclosed the prepetition cause of action it would have the "clean hands" to pursue the request for sanctions under Rule 9011. However, he did not. Such an omission weighs heavily against this court awarding sanctions.

Conclusion

In view of the foregoing, debtor's request for sanctions is hereby denied.

SO ORDERED.

Dated this 12th day of September, 2011 in San Juan, Puerto Rico.

Enrique S. Lamoutte
United States Bankruptcy Court

3